UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA N.A., <br><br> Plaintiff, <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC; SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. <br><br> SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, <br><br> Counter/Cross Claimant, <br><br> v. <br><br> BANK OF AMERICA, N.A., a national association, KB HOME MORTGAGE COMPANY, a foreign corporation; RYAN MURPHY, an individual, <br><br> Counter/Cross Defendants. | Case No. 2:15-cv-01021-RFB-GWF <br><br> ORDER |

## I. INTRODUCTION

Before the Court is SFR Investments Pool 1, LLC's motion for default judgment against KB Home Mortgage Company. ECF No. 75.

## II. PROCEDURAL BACKGROUND

Bank of America sued defendants on June 3, 2015. ECF No. 1. SFR Investments answered

the complaint and asserted crossclaims against KB Home Mortgage Company. ECF No. 7. SFR Investments then filed proof of service of the summons and the cross-complaint on KB Home on July 24, 2015, indicating that KB Home was served on July 2, 2015. ECF No. 20, 42.

This matter was then stayed on August 22, 2016, pending the Ninth Circuit Court of Appeal's mandate in Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154 (9th Cir. 2016). ECF No. 65. The stay was lifted on April 10, 2019. ECF No. 66.

SFR Investments then filed its three-day notice of intent to take default against KB Home. ECF No. 69. The Clerk of the Court entered default against KB Home on June 10, 2019. ECF No. 71. SFR Investments now moves for default judgment against KB Home. ECF No. 75. No opposition has been filed.

### III. ALLEGED FACTS

In the cross-complaint, SFR Investments asserts two claims: a claim for declaratory relief to quiet title to the property at 11166 Verismo Street, Las Vegas, Nevada 89141 and a claim for preliminary and permanent injunctive relief. ECF No. 7. It alleges the following:

Southern Highlands Community Association, through its agent Nevada Association Services, Inc., foreclosed on the property after required homeowners' association dues became more than nine-months delinquent. The foreclosure was conducted according to Chapter 116 of the Nevada Revised Statutes. SFR Investments purchased the property on September 26, 2012 by placing the highest bid at a public foreclosure auction.

Ryan Murphy previously obtained title to the property in August 2002 via a grant, bargain, sale deed from KB Home. KB Home recorded a deed of trust against the property on August 8, 2002. KB Home also acquired the beneficial interests under a second deed of trust on November 2, 2005. The first deed of trust was transferred to Bank of America on October 12, 2011.

### IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an

entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**V. DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against KB Home is warranted. SFR Investments seeks a declaration that KB Home has no right, title, or interest in the property as a result of the foreclosure sale.

The first and sixth factors favor granting default judgment because KB Home failed to defend—or appear at all in this matter—since being served with the summons and the cross-complaint on July 2, 2015. Its failure to appear for over four years prejudices SFR Investments by preventing it from determining its rights to the property. Further, its failure to appear for a substantial period of time—*over four years*—demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, KB Home's failure to appear prevents the Court from determining the matter on its merits.

The second and third factors also favor a grant of default judgment. The cross-complaint contains sufficient allegations to demonstrate a meritorious claim for the declaratory relief that SFR Investments seeks. The recorded documents and declarations attached to the motion for default judgment further support the claim that KB Home has no right, title, or interest in the property as a result of the foreclosure sale.

Finally, there is no money at stake to counsel against the grant of default judgment; SFR Investments seeks only declaratory relief. Thus, the Court finds the Eitel factors favor the grant of default judgment against KB Home as to crossclaim one and declares that the foreclosure sale extinguished any right, title, or interest that KB Home previously possessed in the property. The Court grants the motions for default judgment accordingly.

## VI. CONCLUSION

**IT IS ORDERED** that SFR Investments POOL 1, LLC'S [75] motion for default judgment is GRANTED. The Court finds in favor of SFR Investments on crossclaim one and declares that SFR Investments, LLC acquired the property at 11166 Verismo Street, Las Vegas, Nevada 89141 free and clear of any right, title, or interest previously held by KB Home Mortgage Company.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment against KB Home and in favor of SFR.

DATED: August 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**